## PROCEEDINGS IN ATTACHMENT.

Circuit Court of Cuyahoga County.

TILLIE BENOSKI v. THE C. F. ADAMS COMPANY.

Decided, May 8, 1911.

*Error from Common Pleas—Attachment—Motion to Dissolve—Service on Garnishee—Attachment Bond Signed by Corporation—Authority of Corporation Officer.*

1. Error lies to the circuit court from an order of the common pleas court overruling a motion to discharge an attachment appealed to the latter court from a justice of the peace.
2. An attachment will not be discharged on the ground that there was no service upon the garnishee in the attachment proceedings.
3. A judgment overruling a motion to dissolve an attachment on the ground that the attachment bond was given by a corporation, the name of which was signed by an officer who had no authority to sign its name to such bond, will not be reversed where there is no bill of exceptions showing the evidence acted upon in sustaining the bond and attachment.

*Wing, Myler & Turney,* for plaintiff in error.
*Albert Lawrence,* contra.

WINCH, J.; HENRY, J., and JONES, J. (sitting in place of Marvin, J.), concur.

The Adams Company sued Miss Benoski before a justice of the peace and instituted attachment proceedings for the purpose of garnisheeing her wages.

She filed a motion to discharge the attachment specifying no grounds therefor; this motion being overruled, she appealed to the common pleas court, where it was again heard and determined adversely to her.

Thereupon she filed in this court a petition in error to reverse the judgment of the common pleas court, together with a transcript of the docket and journal entries of said court and the original papers filed with the justice of the peace, but we have no bill of exceptions showing what, if any, evidence was heard on the motion in the common pleas court, and there is no transcript of the docket of the justice of the peace, showing what, if any, orders were made by him in the matter.

In this court motion is made to strike the petition in error from the files, on the ground that error does not lie to the judgment of the common pleas court overruling a motion to dissolve an attachment.   This motion is based upon a ruling of the Hamilton County Circuit Court in the case of *Lyon* v. *Phares,* 9 C.C.(N.S.), 614; but we do not agree with that court upon this point; the practice in this circuit has been otherwise.

Said motion is overruled.

Two reasons are assigned as requiring a reversal of the judgment of the common pleas court:

*First.*   It is said that there was no service upon the garnishee in the attachment proceedings.

Having no record of the proceedings before the justice, we do not know but what the garnishee appeared and answered; indeed, counsel for plaintiff in error suggests that the garnishee was cited for contempt, was brought in, examined and found to have no funds belonging to the judgment debtor.

In any event, the point is not well taken.   See *Cleveland Sierra Mining Co.* v. *Sears Union Water Co.,* 4 O. D. Rep., 208; *Railroad Co.* v. *Peoples,* 31 O. S., 537.

If the garnishee was not properly served, but owes Miss Benoski, there seems to be no reason why she should not collect what is due her from the garnishee without action.

*Second.* It is claimed that the attachment bond is defective because signed in behalf of the Adams Company by a person who styles himself "manager" of the company, who also signs individually, as surety.

It is said that it does not appear that the "manager" of this company had authority to bind it by signing the bond. Evidence may have been taken upon this point in the court below, which satisfied said court that the bond was good.

Having no bill of exceptions, we can not tell what the fact is, in this respect, so this point can not be intelligently passed upon.

Judgment affirmed.